# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| Jeremy Callan, | ) | **CASE NO. 5:23 CV 1158** |
| | ) | |
| Plaintiff, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| Dustin Kempf, *et al*., | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendants. | ) | |

## Introduction

This matter is before the Court upon defendants' Motion for Judgment on the Pleadings. (Doc. 28). This case arises from several incidents involving plaintiff and Jackson Township police officers over a two-week period in June and July 2022. For the following reasons, the motion is GRANTED.

## Facts

Plaintiff Jeremy Callan, proceeding *pro se*, filed his Second Amended Complaint (the "complaint") against defendants Dustin Kempf, Nicholas Marich, Evan Betz, Josh Escola, Jun Yan, and Jackson Township.[1] The individual defendants are Jackson Township police officers.

---

[1] Plaintiff attached the proposed Second Amended Complaint to his motion to amend. However, once the Court granted the motion to amend, plaintiff did not file the Second Amended Complaint as required. Given plaintiff's *pro se* status, the Court will assume the pleading has been filed.

All well-pleaded factual allegations in the complaint are presumed true. However, the Court also considers the body-worn camera ("BWC") recordings,[2] police reports, and dispatch records submitted by defendants and referred to by plaintiff throughout his pleading.[3] Additionally, the Court considers the Massillon Municipal Court dockets of plaintiff's three criminal cases, which are also referred to in the complaint.[4]

The complaint addresses the following events occurring between June 30, 2022 and July 12, 2022.

**June 30, 2022**

On June 30, 2022, Officers Zachary VanVoorhis and Kelly Vigars[5] were dispatched to plaintiff's neighbor's house for a complaint that plaintiff was using his sprinklers to cause damage to their property and security cameras. On July 5, 2022, plaintiff was charged in the Massillon

---

[2] Where there is video footage of the event, the court must view the facts "in the light depicted by the videotape." *Green v. Throckmorton*¸ 681 F.3d 853, 859 (6th Cir. 2012). However, where the facts of the video recording do not blatantly contradict Plaintiff's "entire version of the events' in material respects to each claim," the Court must still view the evidence in the light most favorable to Plaintiff, the nonmovant. *Hanson v. Madison Cnty. Det. Ctr.*, 736 F. App'x 521, 527 (6th. Cir. 2018) (quoting *Coble v. City of White House, Tenn.*, 634 F.3d 865, 870 (6th Cir. 2011).

[3] "When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (citing *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001).

[4] The Court may take judicial notice of the public dockets and proceedings in other courts. *See Walburn v. Lockheed Martin Corp.*, 431 F.3d 966, 972 n.5 (6th Cir. 2005) (citations omitted).

[5] VanVoorhis and Vigars are not parties to this action.

2

Municipal Court with criminal mischief in connection with the incident.[6] The charges were later

dismissed, but the court found probable cause for plaintiff's arrest.

**July 3, 2022**

On July 3, 2022, Officers Kempf and Marich responded to a call-for-service at plaintiff's

home that he shared with his wife and daughter for a domestic dispute. Plaintiff's wife reported that

plaintiff was yelling at her and breaking things. She had locked herself, her daughter, and her dogs

in a bathroom. In the background of the call, plaintiff was yelling that he broke into the house

because she locked him out. Plaintiff's neighbor also called the police stating that she heard

plaintiff yell and saw him throw a piece of wood over the back fence.

Upon arrival to the residence, Kempf began talking to the neighbor while Marich remained

in front of the residence. Plaintiff began to approach Marich from the direction of his house while

holding an object. Marich drew his firearm and ordered plaintiff to put his hands up, but plaintiff

continued to walk toward Marich. Plaintiff continually refused to comply with Marich's orders that

he drop the object and get on the ground. However, upon identifying the object as an e-cigarette,

Marich switched out his firearm with a taser. Eventually, the officers secured plaintiff in handcuffs,

performed a search, and placed him in the back of Kempf's vehicle.

As a result of these events, plaintiff was charged in the Massillon Municipal Court with

Obstructing Official Business and Domestic Violence,[7] and on July 7, 2022, the court granted

plaintiff's wife a restraining order against him. Marich testified at the protection order hearing. The

_____

[6] *State of Ohio v. Callan*, Massillon Municipal Court, Case 2022CRB01495.

[7] *State of Ohio v. Callan*, Massillon Municipal Court, Case 2022CRB01484.

3

court ordered plaintiff to attend a domestic violence program and agreed to dismiss the domestic violence charges if plaintiff completed the program, which he did. In its dismissal order, the court order noted that dismissal was not due to a lack probable cause.

**July 11, 2022**

On July 11, 2022, Officers Evan Betz and Vigars responded to a call from plaintiff's wife regarding complaints that plaintiff harassed her over Facebook. Plaintiff's wife indicated that plaintiff hacked her phone, was surveilling her through the phone, and posted the audio recordings of plaintiff's wife's 911 call to social media. Upon review of the evidence and allegations, the Massillon prosecutor charged plaintiff with violating a protective order.[8] The Massillon Municipal Court Judge dismissed the charge after plaintiff completed the domestic violence program and indicated in his order that the dismissal was not due to a lack of probable cause.

The complaint does not label any causes of action, but merely intersperses claims throughout the pleading. Liberally construing the complaint, plaintiff alleges the following constitutional violations under 42 U.S.C. § 1983:

- On July 3, 2022, Officers Kempf, Marich, and Sergeant Escola used excessive force; committed unlawful arrest, false imprisonment, malicious prosecution, and an illegal search; and violated plaintiff's due process rights.

- On July 5, 2022, Officer Marich committed malicious prosecution in connection with his testimony at a protective order hearing.

---

[8] *State of Ohio v. Callan*, Massillon Municipal Court, Case 2022CRB01568.

4

- On July 12, 2022, Officer Betz and Sergeant Escola committed unlawful arrest, false imprisonment, and malicious prosecution, and violated plaintiff's right to free speech.

- On July 12, 2022, Officer Yan violated plaintiff's Fourteenth Amendment right to due process by making a false report/statement to a witness.

- A *Monell* claim against Jackson Township in connection with plaintiff's July 3 and July 12, 2022 arrests.

Additionally, plaintiff requests that Officers Marich and Kempf be criminally charged under 18 U.S.C. §§ 241 and 242.

This matter is now before the Court upon defendants' Motion for Judgment on the Pleadings.

**Standard of Review**

A "motion for judgment on the pleadings under Rule 12(c) is generally reviewed under the same standard as a Rule 12(b)(6) motion." *Mellentine v. Ameriquest Mortg. Co.,* 2013 WL 560515 (6th Cir. February 14, 2013) (citing *EEOC v. J.H. Routh Packing Co.*, 246 F.3d 850, 851 (6th Cir.2001)). "For purposes of a motion for judgment on the pleadings, all well-pleaded allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir.2007).

Thus, "[w]e assume the factual allegations in the complaint are true and construe the complaint in the light most favorable to the plaintiff." *Comtide Holdings, LLC v. Booth Creek Management Corp*., 2009 WL 1884445 (6th Cir. July 2, 2009) (citing *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir.2008)). In construing the complaint in the light most favorable to the non-moving party, "the court does not accept the bare assertion of legal conclusions

5

as enough, nor does it accept as true unwarranted factual inferences." *Gritton v. Disponett*, 2009 WL 1505256 (6th Cir. May 27, 2009) (citing *In re Sofamor Danek Group, Inc.*, 123 F.3d 394, 400 (6th Cir.1997). As outlined by the Sixth Circuit:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief. Specific facts are not necessary; the statement need only give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). However, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570. A plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

*Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir.2012). Thus, Twombly and Iqbal require that the complaint contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face based on factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 678. The complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

**Discussion**

### (1) Request for criminal charges

Plaintiff "asks" the Court to charge Officers Marich and Kempf under 18 U.S.C. §§ 241 and 242. Plaintiff fails to state a cognizable claim. A private citizen "has no authority to initiate a federal criminal prosecution of the defendants for their alleged unlawful acts." *Kafele v. Frank & Wooldridge Co.*, 108 F. Appx. 307, 308–09 (6th Cir. 2004) (citing *Diamond v. Charles*, 476 U.S. 54, 64–65 (1986)).

### (2) Section 1983

6

### (a) Individual officers

#### (i) Allegations in connection with July 3, 2022 arrest

Plaintiff alleges that on July 3, 2022, Kempf, Marich, and Escola used excessive force; committed unlawful arrest, false imprisonment, malicious prosecution, and an illegal search; and violated plaintiff's due process rights.

"[T]he existence of probable cause for an arrest totally precludes any section 1983 claim for unlawful arrest, false imprisonment, or malicious prosecution...." *Watson v. City of Marysville*, 518 Fed.Appx. 390 (6th Cir.2013) (quoting *Mark v. Furay*, 769 F.2d 1266, 1269 (7th Cir.1985)); *Stemler v. City of Florence*, 126 F.3d 856, 871–72 (6th Cir.1997) (finding that the existence of probable cause for arrest forecloses false arrest and malicious prosecution claims).

Here, plaintiff's unlawful arrest, false imprisonment, and malicious prosecution claims stemming from his July 3, 2022 arrest fail because the Massillon Municipal Court Judge determined that there was probable cause to arrest plaintiff. The court agreed to dismiss the charges if plaintiff attended a domestic violence program. Upon plaintiff's completion of the program on January 23, 2022, the court dismissed the charges without prejudice "due to the prosecutor's decision not to proceed to trial, but not due to lack of probable cause to arrest." Plaintiff did not appeal the probable cause finding.[9] Accordingly, judgment on the pleadings is warranted on these claims.

Plaintiff's illegal search claim also fails. "It is well settled that a search incident to a lawful arrest is a traditional exception to the warrant requirement of the Fourth Amendment." *US v.*

---

[9] The Court also agrees with defendants that it is evident from the pleading and the evidence incorporated therein that probable cause supported plaintiff's July 3, 2022 arrest. (Doc. 28 at 8-9).

7

*Robinson*, 414 U.S. 218, 224 (1973). Thus, because the officers had probable cause to arrest plaintiff, the search incident to his arrest was lawful.

As for excessive force, plaintiff alleges the officers acted unlawfully in two ways during the July 3, 2022 arrest. First, plaintiff alleges that the officers placed him in handcuffs and held him at gunpoint while searching him. However, probable cause was found to arrest plaintiff. Thus, the officers had the "right to use some degree of physical coercion or threat to effect it." *Graham v. Connor*, 490 U.S. 386 (1989); *Krantz v. City of Toledo Police Dep't*, 197 F. App'x 446, 452 (6th Cir. 2006). As the BWC recordings show, Marich and Kempf brandished their firearms when plaintiff first approached them from the direction of his home. Marich switched his firearm for his taser upon identifying the object in plaintiff's hand as an e-cigarette. Kempf similarly holstered his firearm once plaintiff began complying with the officers' orders. Plaintiff was handcuffed and searched only after the officers had holstered their firearms.

Second, plaintiff alleges that Kempf used excessive force when he detained plaintiff in the police cruiser. [10]  Plaintiff alleges that, once inside the police cruiser, Kempf turned the heater to

---

[10] Plaintiff does not raise a separate due process claim in connection with his July 3, 2022 arrest, but alleges that his excessive force claim in connection with his detainment in the cruiser "could fall under an 8th amendment or a 14th amendment violation under the due process clause." Am. Compl. at ¶ 2. The Court agrees with defendants that neither Amendment applies here. *Whitaker v. Sullivan*, 2021 WL 4198178, at *2 (N.D. Ohio Sept. 15, 2021) ("[T]he Eighth Amendment applies only to convicted prisoners[.]"); *Colson v. City of Alcoa, Tennessee*, 37 F.4th 1182, 1187 (6th Cir. 2022) (explaining that the Fourteenth Amendment applies only to "a 'pretrial detainee'—a person who has received a judicial determination of probable cause but has not yet been adjudicated guilty of a crime."). Thus, plaintiff fails to sufficiently allege a due process claim.

8

maximum despite 90-degree temperatures, and left plaintiff sweltering in the heat for 45 minutes. The BWC recordings show that when Kempf placed plaintiff in the cruiser, he turned the air conditioning on before leaving to talk to plaintiff's wife. When Kempf returned to the cruiser, plaintiff did not mention being uncomfortable in the heat. Kempf opened the door to the cruiser where plaintiff was seated and they conversed for several minutes about the day's events. Kempf asked plaintiff whether he could feel the air conditioner and plaintiff replied, "A little bit . . . it's not bad." The BWC recording shows that Kempf then turned the heat on inadvertently while the cruiser door remained open for approximately nine minutes. Plaintiff never complained about the heat in the cruiser.

Confinement in a cruiser in hot temperatures for a prolonged period may amount to excessive force. *See Burchett v. Kiefer*, 310 F.3d 937, 945 (6th Cir. 2002) (finding excessive force where the defendant was detained in a cruiser with the windows up in 90-degree weather for 3 hours). However, federal courts have held that there is no excessive force where the confinement lasts thirty minutes or less. *See N.H. v. Soisson*, 2023 WL 4764018, at *12 (N.D. Ohio July 26, 2023) (collecting cases and finding no excessive force where detainment lasted for less than an hour). Plaintiff's detainment in a cruiser with the door open for nine minutes with the heat on does not amount to excessive force.

Accordingly, judgment on the pleadings is warranted on this excessive force claim.

**(ii) Allegation that Officer Marich committed malicious prosecution on July 5, 2022[11]**

Plaintiff alleges that Officer Marich committed malicious prosecution when he testified at a protective order hearing on July 7, 2022. Among other things, "a Fourth Amendment claim under § 1983 for malicious prosecution requires the plaintiff to show a favorable termination of the underlying criminal case against him." *Thompson v. Clark*, 596 U.S. 36, 44 (2022). Moreover, a malicious prosecution claim will fail where probable cause exists for the prosecution. *See Artuso v. Felt*, 2024 WL 495763, at *4 (6th Cir. Feb. 8, 2024) (dismissing malicious prosecution claim due to probable cause).

The Massillon Municipal Court Judge granted the protective order against plaintiff in connection with his July 3, 2022 arrest. As explained above, the court dismissed the related charges against plaintiff only after he completed the domestic violence program, explicitly noting that the dismissal was not due to a lack of probable cause to arrest. Because probable cause existed and the underlying case was not resolved in his favor, judgment on the pleadings is warranted on this malicious prosecution claim.

**(iii) Allegations arising from the July 12, 2022 arrest**

Plaintiff alleges that on July 12, 2022, in connection with Plaintiff's arrest for violating a protective order, Officers Betz and Escola committed unlawful arrest, false imprisonment, and malicious prosecution, and violated his right to free speech.

_____

[11] Plaintiff alleges Marich committed malicious prosecution on July 5, 2022, but focuses solely on Marich's testimony during the July 7, 2022 protective order hearing. The Court will assume Plaintiff's malicious prosecution claim is based on the July 7th hearing.

The officers arrested plaintiff pursuant to a warrant that has not been found invalid and, like his July 3, 2022 arrest, the Massillon Municipal Court Judge found probable cause to arrest him for violating the protective order. On January 23, 2022, after plaintiff completed the domestic violence program, the court dismissed the charges without prejudice "due to the prosecutor's decision not to proceed to trial, but not due to lack of probable cause to arrest."[12] Plaintiff did not appeal the probable cause finding.

Judgment on the pleadings for plaintiff's claims stemming from his July 12, 2022 arrest is warranted. *See gen*. *Watson v. City of Marysville*, 518 Fed.Appx. 390 (6th Cir.2013) (supra); *Voyticky v. Vill. of Timberlake*, Ohio, 412 F.3d 669, 675 (6th Cir. 2005) ("In order to prove malicious prosecution under federal law, a plaintiff must show, at a minimum, that there is no probable cause to justify an arrest or a prosecution."); *id*. at 677 ("An arrest pursuant to a facially valid warrant is normally a complete defense to a federal constitutional claim for false arrest or false imprisonment made pursuant to § 1983."); *Ghaster v. City of Rocky River*, 913 F. Supp. 2d 443, 467 (N.D. Ohio 2012) (explaining that where a plaintiff alleges he was arrested because of his speech, he must "plead and prove that the prosecution was not supported by probable cause").

### (iv) Allegation that Officer Yan made a false statement on July 12, 2022

Plaintiff alleges that Officer Yan violated his Fourteenth Amendment right to due process by making a false statement/report on July 12, 2022. According to the complaint, Yan falsely reported to a witness that plaintiff had threatened physical harm to police officers in the course of their duties. Plaintiff alleges that his wife used the falsely reported information to obtain a three-

---

[12] *State of Ohio v. Callan*, Massillon Municipal Court, Case 2022CRB01568, Order dated Jan. 23, 2023 (Fichter, J.).

year protection order, and that the guardian ad litem for plaintiff's daughter also received a copy of the report.

The due process clause of the Fourteenth Amendment "generally requires that the government provide notice and an opportunity to be heard before depriving a person of liberty or property." *Warren v. City of Athens, Ohio*, 411 F.3d 697, 708 (6th Cir. 2005). To establish a claim, "a plaintiff must show that she was deprived of a protected liberty or property interest, and that this deprivation occurred without adequate procedural safeguards." *Lipman v. Budish*, 974 F.3d 726, 751 (6th Cir. 2020). Reference to an unspecified federal constitutional violation is insufficient to raise a federal claim. *See McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000) ("General allegations of the denial of rights to a 'fair trial' and 'due process' do not 'fairly present' claims that specific constitutional rights were violated."); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading.").

The Court agrees with defendants that plaintiff's unspecified reference to a violation of the Fourteenth Amendment is insufficient to put them on notice of the basis for his claim.  Further, plaintiff's vague allegations do not satisfy the pleading requirements for his claim. Accordingly, judgment on the pleadings is warranted as to this claim.

**(b) *Monell* claim against Jackson Township**

Plaintiff alleges a *Monell* claim against Jackson Township predicated on 1) its failure to adequately train its officers in civil laws; 2) an unlawful policy or custom of arresting suspects without probable cause on domestic violence calls; and 3) Massillon Prosecutor Malynda Reed's unlawful authorization of the July 12, 2022 warrant.

"Municipalities are not subject to *respondeat superior* liability in § 1983 actions[.]" *Peroli v. Huber*, 2021 WL 5411215, at *10 (6th Cir. Nov. 19, 2021) (citations omitted). To prevail on a § 1983 *Monell* claim against a municipality, a plaintiff must show that: (1) he or she suffered a deprivation of a constitutionally protected interest; and (2) the deprivation was caused by an official policy, custom, or usage of the municipality. *Hunt v. City of Toledo L. Dep't*, 881 F. Supp. 2d 854, 878 (N.D. Ohio 2012) (citing *Monell v. New York Dep't of Social Servs.*, 436 U.S. 658, 690–91 (1978)).

As discussed above, plaintiff's allegations do not establish a constitutional violation and, therefore, he fails to satisfy the first prong of the *Monell* claim. Accordingly, judgment on the pleadings is warranted as to plaintiff's *Monell* claim.

**<u>Conclusion</u>**

For the foregoing reasons, defendants' Motion for Judgment on the Pleadings is granted. Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

　　　　　　　　　　　　　　　　　  /s/ Patricia A. Gaughan　　
　　　　　　　　　　　　　　　　　 PATRICIA A. GAUGHAN
　　　　　　　　　　　　　　　　　 United States District Judge

Dated:  3/7/24

13